FILED
2020 Mar-12 PM 12:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SELINA HEARRING, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDREW SAUL, Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) | Case No. 5:19-cv-01238-JEO |

## MEMORANDUM OPINION

Plaintiff Selina Hearring brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying her Supplemental Social Security ("SSI") and Disability Insurance Benefits ("DIB"). (Doc. 1).[1] The case has been assigned to the undersigned United States Magistrate Judge pursuant to this court's general order of reference. The parties have consented to the jurisdiction of this court for disposition of the matter. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(a). (Doc. 10). Upon review of the record and the relevant law, the undersigned finds that the Commissioner's decision is due to be reversed and remanded.

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

## I. PROCEDURAL HISTORY

Plaintiff filed her applications for SSI and DIB on June 28, 2016, alleging disability beginning January 5, 2015. (R. 77, 90, 180-91).[2] After her applications were denied initially, Plaintiff requested a hearing before an administrative law judge ("ALJ"). (R. 123-24). After an in-person hearing, the ALJ issued a decision on July 30, 2018, finding Plaintiff not disabled. (R. 15-26). Plaintiff then filed a request for review of the ALJ's decision, and the Appeals Council denied Plaintiff's request for review. (R. 1-6). Plaintiff filed a complaint in this court seeking review. (Doc. 1). She has exhausted all her administrative remedies, and this case is ripe for review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. FACTS

Plaintiff was born on April 2, 1973, and was forty-five years old on the date of the ALJ's decision. (R. 251). She completed the tenth grade[3] and her past work experience includes employment as a short order cook, cashier/checker, telemarketer, stock clerk, data entry clerk, fast food worker, dishwasher, and hotel

---

[2] References herein to "R. __" are to the administrative record found at documents 6-1 through 6-13 in the court's record. The page number references are to the page numbers in the lower right-hand corner of each page in the record.

[3] Other places in the record indicate Plaintiff completed either the ninth grade or the eleventh grade. This difference is not consequential in the present instance.

housekeeper. (R. 69-70, 210, 212). Plaintiff originally alleged she was unable to work because of hypertension, osteoporosis, bi-polar disorder, post-traumatic stress disorder, a fractured spine, and shortness of breath. (R. 211).

Following Plaintiff's administrative hearing, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the onset date of January 5, 2015. (R. 17). The ALJ further found that Plaintiff had the following medically determinable severe impairments: "disorder of the back with spinal cord or nerve root lesions; dysfunction of [a] major joint involving the left knee; depression and bipolar disorders; [and] anxiety disorder." (R. 18).[4] He also found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment. (*Id.*). The ALJ then found that Plaintiff had the residual functional capacity ("RFC")

> to perform less than a full range of sedentary [work,] with the following limitations: She can frequently push and pull with the lower extremities; she is limited to occasional postural activities; she is limited to performing simple tasks; changes within the workplace should be gradually introduced; she would be absent from … work one day each month due to impairment related symptoms and treatment.

(R. 20). The ALJ further found that Plaintiff could not return to her past relevant work. (R. 24). After noting Plaintiff's age, education, work experience, and RFC,

---

[4] The ALJ found that Plaintiff's additional impairments of hypertension, insomnia and opioid dependency were not severe because there was no evidence that they could reasonably be expected to significantly limit her basic work activities. (R. 18). Plaintiff does not challenge these findings.

the ALJ found jobs existed in significant numbers in the national economy that Plaintiff could perform. (R. 25). The ALJ referenced the testimony of the vocational expert ("VE") and listed the jobs that the VE stated Plaintiff could perform, including the following: assembler, inspector, and order clerk. (*Id.*). Based on the above, the ALJ then concluded that Plaintiff was not disabled under the Social Security Act. (R. 25).

### III. STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of the court is to determine whether the Commissioner's decision is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971); *Mitchell v. Comm'r Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2015); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

The court must uphold factual findings that are supported by substantial

evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *See Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991). The court must affirm the ALJ's decision if substantial evidence supports it, even if other evidence preponderates against the Commissioner's findings. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

## IV. STATUTORY AND REGULATORY FRAMEWORK

To qualify for benefits a claimant must show the inability to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

5

techniques." 42 U.S.C. § 1382c(a)(3)(D).

Determination of disability under the Social Security Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a) & 416.920(a). Specifically, the Commissioner must determine in sequence:

> whether the claimant: (1) is unable to engage in substantial gainful activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity; and (5) can make an adjustment to other work, in light of his residual functional capacity, age, education, and work experience.

*Evans v. Comm'r of Soc. Sec.*, 551 F. App'x 521, 524 (11th Cir. 2014).[5] The plaintiff bears the burden of proving that she was disabled within the meaning of the Social Security Act. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also* 20 C.F.R. § 404.704. The applicable "regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Id*.

## V. DISCUSSION

Plaintiff asserts three claims for relief: (1) the ALJ erred in failing to properly weigh the medical opinion evidence and determine her RFC; (2) the ALJ failed to properly evaluate her subjective symptoms; and (3) the ALJ relied on a flawed

---

[5] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

hypothetical question that was posed to the vocational expert. (Doc. 9 at 2). Because the court finds the first issue to be dispositive in this instance, it will only address that issue and pretermits any further discussion of the remaining issues.

### A. Assessment of Plaintiff's RFC

Plaintiff initially contends that the ALJ failed to properly determine her mental RFC when he concluded that she is able to perform simple tasks with changes needing to be introduced gradually and that she would miss work only once a month. (Doc. 9 at 3). She specifically contends that the ALJ improperly substituted his opinion of her psychological examination findings and treatment records for those of the consulting psychiatric expert, Dr. Robert Estock. (*Id.*). As part of her first claim, Plaintiff also contends that the ALJ "failed to support his physical RFC finding – that [she] can perform sedentary work except she could frequently push and pull with her lower extremities and is limited to occasional postural activities – with substantial evidence." (*Id.* at 4). Again, because the ALJ's determination of Plaintiff's mental health RFC is dispositive of this case, the court will limit its discussion to only that portion of Plaintiff's first claim.

A claimant's RFC reflects the most she can do despite her limitations. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Plaintiff bears the burden of demonstrating that the evidence shows limitations beyond those in the RFC. *See*

7

20 C.F.R. §§ 404.1512(a), 416.912(a). The RFC determination is an administrative assessment based on all the evidence of how a claimant's impairments and related symptoms affect her ability to perform work-related activities. *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *1-2 (July 2, 1996). The regulations state the final responsibility for assessing a claimant's RFC rests with the ALJ, based on the relevant medical and other evidence. *See* 20 C.F.R. §§ 404.1527(c)(2), 404.1545(a)(3), 404.1546(c), 416.927(c)(2), 416.945 (a)(3) & 416.946(c). The ALJ has the responsibility of assessing the claimant's RFC at the hearing level. *See* 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.946(c); SSR 96-5p; *Moore v. Soc. Sec. Admin.*, 649 F. App'x 941, 945 (11th Cir. 2016) (stating, "the task of determining a claimant's residual functional capacity and ability to work rests with the administrative law judge, not a doctor"); *Castle v. Covlin*, 557 F. App'x 849, 853-54 (11th Cir. 2014) (noting that the ALJ properly carried out his regulatory role as an adjudicator responsible for determining the claimant's RFC).

### B. Mental Health RFC

Dr. Estock evaluated Plaintiff on September 20, 2016. He concluded Plaintiff is "able to carry out short and simple instructions and attend and concentrate for [two] hour periods on simple tasks with customary breaks and rest during the regular workday." (R. 105). Dr. Estock also determined Plaintiff "may miss 1-2

8

days a month of work due to psychiatric signs and symptoms." (*Id*.). Dr. John Haney, a consulting psychologist, evaluated Plaintiff on September 16, 2016. He observed that Plaintiff was oriented, showed no psychotic symptoms, had intact recent and remote memory, had poor insight and judgment, but could manage her own funds. (R. 523-24). He diagnosed Plaintiff with unspecified anxiety disorder with generalized anxiety disorder features and major depressive disorder, recurrent, moderate. (R. 23, 524). Following his evaluation, Dr. Haney concluded as follows:

> [Plaintiff] will probably continue to require assessment and treatment of chronic anxiety and depressive symptoms…. [Her] ability to function in work settings appeared moderately impaired due to her emotional limitations. With on going [sic] psychiatric treatment, [her] psychological condition may gradually improve in the next six to twelve months and she may then become a candidate for vocational rehabilitation.

(R. 524). Premised on the foregoing evidence, the ALJ determined Plaintiff could perform simple tasks, needed changes introduced gradually, and would be absent from work for one day a month. (R. 20). The significance of this determination is that the Vocational Expert testified that if Plaintiff missed work up to two times a month, then she would be unable to work. (R. 72).

In assessing medical testimony, "the ALJ must state with some particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Medical opinions

9

are "statements from acceptable medical sources that reflect judgments about the nature and severity of [any] impairment(s), including … symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and … physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 404.927(a). In determining the weight given to a claimant's medical opinions, the ALJ may look at several factors: the examining and treatment relationship between the doctor and patient, the supportability of the doctor's opinion, the consistency of the doctor's opinion with the record as a whole, the doctor's specialty, and other relevant factors. 20 C.F.R. §§ 404.1527(c), 416.927(c).

A doctor's opinion may be discounted based on the length and frequency of the treatment relationship and the nature and extent of the treatment relationship. 20 C.F.R. § 404.1527(c)(2). A physician who only saw the claimant on a single occasion is not considered a treating physician, and his opinion is not entitled to great weight. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004). The opinion of a treating physician who has seen the claimant on a number of occasions will be afforded more weight than a doctor who has only seen the claimant once. *Id.* More weight will be afforded to a physician who has had long enough to form a longitudinal picture of the claimant's impairment. *Id.* The more knowledge a treating source has about the patient, the more weight will be given to

that doctor's opinion. *Id*.

Here, both Dr. Estock and Dr. Haney were consultative examiners. Dr. Estock did not have the benefit of seeing Plaintiff and Dr. Haney only saw Plaintiff once. (R. 104-05, 523-24). As such, their opinions are not entitled to any deference or special consideration. *See Crawford*, 363 F.3d at 1160; *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Plaintiff argues that the ALJ failed to state how Dr. Estock's opinions were evaluated under the relevant factors in 20 C.F.R. §§ 404.1527(c)(2)-(6) and 416.927(c)(2)-(6) and the ALJ failed to recognize that Dr. Estock is a specialist with knowledge of the disability program. (Doc. 9 at 4).

The factors to be considered under §§ 404.1527(c)(2)-(6) and 416.927(c)(2)-(6) include the "treatment relationship;" the "supportability" of the expert opinion; the "consistency" of the opinion with the record as a whole; the "specialization" of the source; and other factors, such as the source's familiarity with the requirements of disability programs. 20 C.F.R. §§ 404.1527(c)(2)-(6) and 416.927(c)(2)-(6). While the ALJ did not specifically address each of the foregoing factors, his consideration of them is evident from the record as to Dr. Haney.

With regard to Dr. Haney, the ALJ found that his opinion regarding Plaintiff's intellectual functioning warranted great weight, while his other opinions warranted no weight. (R. 23). In support of his conclusions, the ALJ stated (1) that Plaintiff

11

was examined by Dr. Haney at the request of the SSA, thus he would be aware of the disability programs; (2) that Dr. Haney administered standard psychological examination techniques in determining her cognitive functioning and his conclusion regarding her functioning is supported by Plaintiff's ability "to accurately provide basis information;" and (3) Dr. Haney is a licensed psychologist. (*Id*.). Thus, this court finds that the evidence and the determinations of the ALJ as to Plaintiff's mental RFC concerning intellectual functioning are supported by the record.

With regard to Dr. Estock, the ALJ found only his opinion that Plaintiff is limited to performing simple tasks and she would be expected to miss *one* day of work each month due to psychological symptoms were entitled to great weight. (*Id*.). The ALJ undergirded his findings by stating that Dr. Estock did not have the benefit of personally examining Plaintiff and his "assessment was based on [Plaintiff's] limited mental health treatment during the relevant period … , which fails to show any acute findings" and Plaintiff demonstrated relatively good functioning during her psychological evaluation with Dr. Haney. (*Id*.).

The Commissioner argues that the court should affirm the ALJ's determination because he, unlike Dr. Estock, was able to review all the relevant evidence in assessing Plaintiff's limitations. (Doc. 11 at 8). While the court agrees that the ALJ may have had a broader view of Plaintiff's situation, nothing in the

record supports the conclusion of the ALJ that Plaintiff would likely miss only one day of work each month instead of one or two days a month as noted by Dr. Estock. To the extent the Commissioner relies on the in-person evaluation done by Dr. Haney, the court is not impressed. Nowhere does Dr. Haney opine concerning the amount of work that Plaintiff will be expected to miss each month due to her psychological symptoms. Additionally, the ALJ specifically accepted only the portion of Dr. Haney's opinion dealing with Plaintiff's intellectual functioning. (R. 23). He emphatically rejected Dr. Haney's remaining examination, affording it "no weight." (*Id.*).

The court is not satisfied that the ALJ's conclusion that Plaintiff can be expected to miss only one day a month may be deduced from the evidence in the record. This is particularly true where the only evidence cited by the ALJ is from Dr. Haney and he (Dr. Haney) does not opine concerning Plaintiff's expected attendance. Additionally, Dr. Haney diagnosed Plaintiff with unspecified anxiety disorder with generalized anxiety disorder features and major depressive disorder, recurrent, moderate. (R. 23, 524). Dr. Haney also concluded Plaintiff "will probably continue to require assessment and treatment of chronic anxiety and depressive symptoms…. [Her] ability to function in work settings appear[s] moderately impaired due to her emotional limitations." (R. 524). Finally, he noted

that with ongoing "psychiatric treatment, [her] psychological condition may gradually improve in the next six to twelve months and she may then become a candidate for vocational rehabilitation." (*Id*.). Nothing in this assessment suggests that Plaintiff can be expected to miss only one day of work per month. This determination is too crucial to the decision of whether Plaintiff is disabled for this court to rely upon such a scant record. Thus, the court is not satisfied that the decision is supported by substantial evidence.

## VI. CONCLUSION

For the reasons set forth above, the court concludes that the ALJ's determination that Plaintiff is not disabled is not supported by substantial evidence. The decision of the Commissioner is due to be reversed and remanded for further proceedings, including for further examination, assessment, and evaluation of how much work Plaintiff can be expected to miss per month due to her mental health condition and symptoms. An appropriate order will be entered separately.

**DATED** this 12th day of March, 2020.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge